**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-16**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

SAMUEL MANNING,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.   Jerome B. Friedman,
District Judge.  (4:07-cr-00081-JBF-JEB-2)

Argued:  December 3, 2009          Decided:  January 21, 2010

Before WILKINSON, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Jon Michael Babineau, RIDDICK BABINEAU, PC, Suffolk,
Virginia; Lawrence Hunter Woodward, Jr., SHUTTLEWORTH, RULOFF,
SWAIN, HADDAD & MORECOCK, PC, Virginia Beach, Virginia, for
Appellant.  Brian James Samuels, OFFICE OF THE UNITED STATES
ATTORNEY, Newport News, Virginia, for Appellee. **ON BRIEF:** Dana
J. Boente, United States Attorney, Alexandria, Virginia; Eric M.
Hurt, Assistant United States Attorney, OFFICE OF THE UNITED
STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The question in this case is whether a superseding indictment for Samuel Manning's involvement in a drug conspiracy violates the Double Jeopardy Clause because of his prior conviction for participating in a separately charged drug conspiracy. The district court determined by a preponderance of the evidence that these two conspiracies were separate and distinct and held accordingly that the government was not barred from prosecuting him in this case. We review the district court's factual finding for clear error. United States v. McHan, 966 F.2d 134, 138-39 (4th Cir. 1992).

On September 11, 2006, a grand jury returned an indictment charging Manning and four co-defendants with, among other things, conspiring to distribute cocaine, cocaine base, and heroin under the leadership of Kasine Powers (the "Powers Conspiracy"). On November 9, 2006, Manning pled guilty to the conspiracy charge and a related count and was subsequently sentenced to 120 months imprisonment.

On August 14, 2007, a grand jury returned a superseding indictment charging Manning with, among other things, conspiring to distribute cocaine base with Donald Smith (the "Smith Conspiracy"). Manning filed a motion to dismiss the superseding indictment on Double Jeopardy grounds. Following an evidentiary hearing, the district court denied the motion. This

2

interlocutory appeal followed pursuant to <u>Abney v. United States</u>, 431 U.S. 651, 662 (1977).

The district court applied this court's precedent in <u>United States v. Ragins</u>, 840 F.2d 1184, 1188-89 (4th Cir. 1998) to the letter -- determining whether the two conspiracies were in fact the same conspiracy under the totality of the circumstances. In the court's view, Manning made a non-frivolous showing that the two conspiracies were the same: the time periods of the two conspiracies overlapped, both conspiracies occurred in Newport News, Virginia, and both involved cocaine base. But the court ultimately determined that the two conspiracies were separate by a preponderance of the evidence. It emphasized four factors. First, the participants in the two conspiracies were, apart from Manning, unique. Second, Manning's personal involvement in the Powers Conspiracy dealt with heroin, but his involvement in the Smith Conspiracy dealt with cocaine base. Third, Manning's participation in the Smith Conspiracy predated his involvement in the Powers Conspiracy. Fourth, the two conspiracies differed in scope and organization; while the Smith Conspiracy was simply an agreement between Manning and Smith to distribute cocaine base, the Powers Conspiracy consisted of a large network of individuals who distributed various drugs for Kasine Powers.

In light of these factors, it was not clear error for the district court to find that the two conspiracies were separate and distinct. Accordingly, the judgment of the district court is

AFFIRMED.